UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENEE COLEMAN-MITCHELL | : | CIVIL ACTION NO. 3:22CV00647(JCH) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF PUBLIC HEALTH, | : | |
| JOHN DOE 1-3 | : | |
| *Defendants* | : | JULY 5, 2022 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STATE OF CONNECTICUT, DEPARTMENT OF PUBLIC HEALTH

The defendant, State of Connecticut Department of Health, hereinafter "DPH", hereby submits the following as its Answer and Affirmative Defenses to the plaintiff's Complaint, dated May 9, 2022. (Doc. # 1).

## ANSWER

1. Paragraph 1 contains a legal conclusion to which no response is required. If an answer is necessary, DPH denies it discriminated or retaliated against the plaintiff and denies any state tort claims.

2. Paragraph 2 contains a legal conclusion to which no response is required. If an answer is necessary, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

3. Admit.

4. Admit, DPH is a defendant. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

5. Admit, plaintiff was appointed as Commissioner-designate on April 1, 2019, confirmed on April 17, 2019, and her appointment was terminated on May 11, 2020.

6. As to paragraph 6, DPH admits the plaintiff had worked for DPH prior to becoming Commissioner. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

7. Deny.

8. Admit.

9. As to paragraph 9, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof. However, everyone in the Lamont administration was aware that the coronavirus was a threat to the citizens of the State of Connecticut and particularly the elderly and those in nursing homes.

10. Deny.

11. Deny.

12. Deny.

13. Admit that on February 27, 2020, Josh Geballe, the Commissioner of the Department of Administrative Services, was appointed Chief Operating Officer of Connecticut (COO). Josh Geballe was also appointed to head the Incident Command Center System invoked because of the COVID-19 pandemic. Deny the remainder of the paragraph.

14. Admit Josh Geballe is a Caucasian male who is younger than the plaintiff. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

15. Paragraph 15 contains a legal conclusion to which no response is required. Furthermore, Conn. Gen. Stat. § 19a-1d speaks for itself.

16. Admit, plaintiff holds a master's degree in Public Health. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

17. As to Paragraph 17, admit the first sentence. Deny the second sentence. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

18. Deny.

19. Admit that Dr. Matthew Carter, the Chief Epidemiologist for DPH, was asked by the administration to attend press conferences prior to and after March 11, 2020. Dr. Carter had the expertise that was needed at the Governor's press conferences to respond questions about COVID-19. Admit Dr. Carter is a Caucasian male. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

20. As to the first sentence of paragraph 20, admit that the plaintiff wanted to designate all members of her executive team as level one status for telecommuting purposes. As to the remainder of the first sentence, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof. As to the second sentence, deny, that "[a]s Commissioner of DPH this was Plaintiff's decision to make." Admit the remainder of the second sentence.

21. Admit, that Michelle Gilman, Caucasian female, Deputy Commissioner of the Incident Command Center, assisted with the surge preparations for the State of Connecticut. Deny the remainder of the paragraph.

22. Admit.

23. Deny, the first sentence. Admit, DPH staff was assigned to report to the Incident Command Center at the State Armory. Deny the remainder of the second sentence.

24. Deny. The plaintiff did not file a formal complaint or make any allegations of discrimination against COO Geballe to COS Mounds.

25. Admit Barbara Cass, Branch Chief Healthcare Quality and Safety Branch at DPH, did attend a press conference with the Governor and she is Caucasian. Deny the remainder of the paragraph.

26. Admit that on May 11, 2020, COO Geballe and Paul Mounds, Governor Lamont's Chief of Staff met with the plaintiff and the plaintiff was informed by Mounds that she was terminated from her appointed at-will position of Commissioner of Public Health and that the administration was going in a different direction. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

27. As to paragraph 27, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

28. As to paragraph 28, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

29. As to paragraph 29, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

30. Admit the plaintiff had a discussion with Governor Lamont on or about May 13, 2020, after she was terminated. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

31. Deny.

32. Deny. Mary Ann Schmitt-Carey was not a state employee and is not a comparator. Av Harris is also not a comparator as he was terminated by Commissioner Gifford. Coleman-Mitchell's comparators were Commissioners appointed by the Governor.

33. Deny plaintiff's termination was unjust. The plaintiff served in an appointed at-will position that serves at the discretion of the Governor. As to the remainder of the paragraph, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

34. As to paragraph 34, DPH admits plaintiff was not given severance or offered another position. The remainder of the paragraph is denied.

35. As to paragraph 35, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

36. Deny.

37. Deny.

38. As to paragraph 38, DPH has insufficient knowledge to form an opinion or belief and leaves the plaintiff to her proof.

39. Admit, except, U.S. Equal Employment Opportunity Commission issued a Right to Sue letter on April 12, 2022, not on April 11, 2022.

**COUNT ONE:**

1-39. Defendant incorporates by reference its responses to paragraphs 1-39.

40. Deny.

41. Deny.

**COUNT TWO:**

1-39. Defendant incorporates by reference its responses to paragraphs 1-39.

40. Deny.

41. Deny.

**COUNT THREE:**

1-39. Defendant incorporates by reference its responses to paragraphs 1-39.

40. Deny.

41.    Deny.

**COUNT FOUR:**

1-39.    Defendant incorporates by reference its responses to paragraphs 1-39.

40.    Deny.

41.    Deny.

**COUNT FIVE:**

The defendant DPH does not need to respond to Count Five as it is directed at John Doe 1-3 and not defendant DPH.

**COUNT SIX:**

The defendant DPH does not need to respond to Count Five as it is directed at John Doe 1-3 and not defendant DPH.

**PRAYER FOR RELIEF**

The defendant denies any discrimination or retaliation against the plaintiff and, therefore, states that the plaintiff's Prayer for Relief, paragraphs 1-3, should be denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim against the defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The defendant denies it discriminated against or retaliated against the plaintiff. Defendant had legitimate non-discriminatory and non-retaliatory reasons for all actions taken with regard to the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The defendant would have taken the same actions with respect to the plaintiff in the absence of any protected activity.

## FOURTH AFFIRMATIVE DEFENSE

In an effort to not waive any affirmative defense, the Court lacks personal jurisdiction over John Doe 1-3.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

The Eleventh Amendment bars some of plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

There is an inference against discrimination when the same person who hires is the one who fires.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to a jury trial as to equitable relief under Title VII or CFEPA.

## NINTH AFFIRMATIVE DEFENSE

The defendant reserves the right to assert additional defenses as they become known through discovery.

DEFENDANT,

STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC HEALTH

WILLIAM TONG
ATTORNEY GENERAL

By: _/s/ Maria Rodriguez_____
Maria Rodriguez
Carolyn Ennis
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5050
Fax.: (860) 808-5388
Federal Bar No. ct08946
Email: Mariac.Rodriguez@ct.gov
Federal Bar No. ct28485
Email: Carolyn.Ennis@ct.gov

## CERTIFICATION

I hereby certify that on July 5, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _/s/Maria Rodriguez_____
Maria Rodriguez
Assistant Attorney General