**U.S. DISTRICT COURT**
**District of Connecticut (New Haven)**
**Civil Docket No. 3:22-cv-00647-JCH**

Renee Coleman-Mitchell                                     August 5, 2023
    *Plaintiff*

v.

Dept. of Public Health
State of Connecticut
    *Defendants*

**MOTION FOR REINSTATEMENT OF CASE
AND RESPONSE TO ORDER TO SHOW CAUSE**

**Cynthia R. Jennings declares the following**:

1. I represent the Plaintiff Renee Coleman-Mitchell in this matter. I file this response to the Order to Show Cause dated July 14, 2023. On July 14, 2023, the Court ordered a response by Plaintiff on or before August 4, 2023 as to why the $500 bond for security that had been ordered to be paid by Plaintiff had not been paid.

2. The undersigned did obtain the funds necessary to make the bond payment, however mistakenly believed that the payment could be made electronically though the PACER filing system. On August 4, 2023 it was discovered that electronic filing of this bond amount was not available for payment electronically and instead needed to be paid manually through the clerk of court. This discovery came at a time when it was too late, that is, after close of business on August 4.

3. By the time of this filing arrangements will have been made to make the payment in person at the clerk of court in Hartford on Monday morning, August 7, 2023.

4. Because of the inadvertent inability to make the payment prior to the close of business on August 4, and because the parties have been continuing apace with the case (e.g. a mediation is scheduled before the Honorable Donna Martinez for August 23, 2023 at 1:00 p.m.,) it is respectfully submitted that the court should not issue a dismissal of the case, as had been suggested in the Order to Show Cause. Instead, Plaintiff's payment of the $500 bond on August 7 should be deemed substantial compliance with the court order. Defendant will not be prejudiced by the court's acceptance, albeit belatedly, of the $500 bond payment by Plaintiff.

5. On Saturday, August 5, 2023, I sent opposing counsel an email requesting consent in support of the Attorney Affirmation in Support of the Motion to Reinstate Plaintiff's case, and to provide the Court with documentation to "show cause" as to why the case should not be dismissed. As this request was sent

1

    chambers on Monday, August 7, 2023, regarding their position on consent to the pending motion.

6. I am not aware of any overt or unexpected prejudice that should otherwise befall any party should they consent to this motion.

7. My brother, Maurice Jennings, a retired Police Sergeant, and veteran, had a stroke in the back of his brain, and is now unable to walk, bathe or care for himself.  He is bedridden, and requires around the clock care.  I am his only living sibling, and he does not want to go into a nursing facility.  I agreed to move my office into his house, and reside there, so that I could manage his food, doctor's appointments, nurses, nurse aides, physical and occupational therapists.  In addition, I have had to manage coordination of appointments with his cardiologist, neurologist, podiatrist, endocrinologist, dentists and other required, general appointments.

8. Because my brother was a veteran, I was able to secure VA assistance, nursing support, building of a wheelchair ramp, and other supports that he requires, in order to live at home with appropriate and adequate services.

9. I had to move my office from Windsor, Connecticut to Hartford so that I could support my brother through his health crisis.  He needs someone to manage the services that he needs, and to coordinate doctor appointments, therapy appointments, nurses, social workers, and his personal aides, who will be attending these appointments with Maurice as well.

10. Additionally, in my professional life, I am a civil rights and environmental attorney, and I am currently working on two large civil rights environmental justice matters (flooding and raw sewage back-ups into resident's basements in North Hartford, and the closing of Stone Academy, a school that was suddenly closed down after more than 800 predominantly Black and Latino women)  Many of the women affected, have young children, who were attending Stone Academy in order to better themselves economically and educationally by becoming Licensed Practical Nurses.

11. Almost every one of the Stone Academy students took out student loans of up to $38,000 each, and must now start repaying these loans, even though the school has closed down and they have not received the education that they paid for.  Many have no money for legal representation, and would be lost and have their lives ruined without legal intervention.  That is a pro-bono project that I have been working on until I get resources within the State, to step up and take the cases of these young men and women who have been unjustly treated.  This project is about to come to closure relative to my ongoing involvement, as the Office of the Attorney General has now undertaken a comprehensive investigation into the sudden closing of Stone Academy.

12. The North Hartford Flooding and Raw Sewage Back Up Project had to be completed within this legislative session, which ended June 9, 2023.  The State of Connecticut contributed more than $178 million to separate the sewage and wastewater needed to eliminate flooding in North Hartford.

13. The deadline was met for the legislative component of the project, and the water bureau (MDC) agreed to install back-flow valves, sump pumps and lateral pipes leading to the main water pipes in the street.

14. The Stone Academy project is now under investigation by the Office of the Attorney General, and many of the issues will be resolved by that office.  Many of the Stone Academy students will be referred to the State of Connecticut Commission on Human Rights and Opportunities to address their specific claims of possible race or gender discrimination.  This will relieve me of a great deal of responsibility for the 800 students who need assistance relative to their educational and economic issues based on their protective classes.

15. While I had substantial help in my office, one of the attorneys that was working on my federal cases, recently withdrew from these three federal cases, within the last three months, creating a significant internal crisis relative to deadlines and timeframes for these cases.  Many of these matters have been resolved as well, and I expect that within another three months, I will have everything back on track and under control internally, with additional paralegal support that I have secured to assist me in maintaining my calendars, and responding to my client workload.

16. It is my request to the Court, that the Plaintiff not be punished for the lateness of the payment of the security bond and the "show cause" documentation that should have been filed on or before August 4, 2023.

17. Additionally, several factors have impacted the Plaintiff's ability to timely pay the $500 security bond.  These factors include the fact that in or around May 11, 2020, she was suddenly terminated from the position of Commissioner of Public Health for the State of Connecticut.

18. This sudden termination resulted in the Plaintiff's income being reduced from $200,000 per year on May 11, 2020, to literally zero dollars, in or around May 30, 2020.  Additionally, my client and her family health benefits were eliminated on the same date.  Her entire family had to go on to Husky State Insurance from May 30, 2020, through June 30, 2022, until Plaintiff who was almost destitute, was forced to go into retirement.

19. Plaintiff's husband and the Plaintiff had to drive to Washington D.C. in order to remove both of their children from college that following Saturday (May 16, 2020) and bring them home to Connecticut.  Her son never returned to college. This

    was because the Plaintiff was not able to pay for her children's housing or outstanding tuition costs and fees.

20. Because of Plaintiff's sudden elimination of income, she was forced to use her retirement tax annuity to keep from losing her home, and to provide for other basic necessities, including food, transportation to medical appointments, and other associated bills, including, groceries, property taxes, credit card bills and other living expenses.  After applying to 27 jobs to no avail, the Plaintiff was forced to retire from the State of Connecticut in order to maintain a monthly income to address outstanding living expenses for herself and her family.

21. Plaintiff's monthly pension came to $2810.00, which was down from her prior earnings of $16,660 per month.  This was a difference of $13,850 per month.  Although Plaintiff has been managing her new budget, she is still very much underwater relative to her outstanding obligations.  At the end of every month, Plaintiff still owes thousands of dollars in arrears for her student loans, mortgage, credit cards, property taxes and other monthly bills and living expenses.  She was, however, able, based on her income, to obtain energy assistance and weatherization from the Town of Bloomfield Department of Social Services.

22. Further, Plaintiff is an only child, and the sole caregiver for her mother who is 82 years old with chronic and debilitating illnesses.  This means that she has the added expense of providing support to her mother relative to shopping, doctor's appointments, transportation, and payment of additional caregivers when needed.

23. The parties in this matter have agreed to mediation before The Honorable Judge Donna F. Martinez at 1:00 p.m. on August 23, 2023, at the federal courthouse in Hartford.  Plaintiff not paying the $500 bond was an inadvertent oversight.  She had every intention of paying the bond, however, the deadline slipped past her.

24. The Plaintiff fully intended to pay the bond, even though she is facing severe financial challenges.  There was scheduled mediation in this matter, and the $500 will be paid on Monday, when these documents are received by the Court and by opposing counsel.  The Plaintiff is asking that the honorable Court accept her statements submitted with this Motion, as "good cause" for having missed the payment of this bond, and to respectfully reinstate her case as requested.

_____/S/_____
By Cynthia R. Jennings, Esq.
86 Hartland Street
Hartford, CT 06112
Tel:  860.883.6947
Email:  attorneyjennings@gmail.com
Federal Bar No. ct21797

**CERTIFICATION**

I hereby certify that on August 6, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /S/ Cynthia R. Jennings, Esq.

Cynthia R. Jennings, Esq.

Counsel for Plaintiff